IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CAROL L. HINDERLITER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 07-272 |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. HISTORY

Plaintiff resides in Blair County, Pennsylvania. Document No. 1, p. 6 ¶ 1. "At all times relevant," she was the named insured under an auto insurance policy issued by Defendant. *Id.* at 6 ¶ 2. Defendant is an Illinois corporation with its principal place of business in Illinois. *Id.* at 1, p.2 ¶ 7. Plaintiff's policy "included coverage for income loss of $2,500 per month, with maximum coverage of $50,000." *Id.* On December 25, 2001, Plaintiff sustained serious injuries in an automobile accident. *Id.* at 7 ¶ 6. Plaintiff was thereafter in such pain that she could not work. *Id.* at 7 ¶ 7. Defendant "accepted Plaintiff's claim for income loss benefits arising from" the accident. *Id.* at 8 ¶ 14.

As of August 28, 2003, Plaintiff was preparing to undergo implantation of a spinal cord stimulator for the control of her pain; she believed that this procedure would alleviate her pain sufficiently to allow her to return to work. *Id.* at 7-8 ¶¶ 8, 13. However, "[o]n or about September 16, 2003," before the implantation could be performed, Plaintiff was in a second automobile accident

1

that caused her further and very severe injuries which required "lengthy periods of hospitalization [and] numerous surgeries" and precluded the implantation of the stimulator. *Id.* at 7 ¶¶ 9-10. As a result of the second accident, Plaintiff was and evidently remains "totally disabled from employment." *Id.* at 7 ¶ 10.

Plaintiff argues that she is entitled to benefits for lost income to the $50,000 limit of her policy for the period from January 1, 2004 through January 1, 2007. *Id.* at 8-9 ¶ 17. Defendant has refused payment, arguing that Plaintiff was already disabled from employment as a result of the December 25, 2001 collision at the time of the second accident. *Id.* at 8 ¶¶ 12, 16.

On September 13, 2007, Plaintiff brought an action pursuant to 75 Pa. C.S.A. §§ 1712(2), 1716, and 1798(b) in the Court of Common Pleas of Blair County, Pennsylvania. *Id.* at 9 ¶ 20; Document No. 1-5 Specifically, Plaintiff sought recovery of "$50,000 together with interest at the rate of 12 percent per annum beginning September 25, 2007, reasonable attorney's fees and costs of litigation, which sum is in excess of $50,000.00, the jurisdictional limits for compulsory arbitration in the Court of Common Pleas of Blair County, Pennsylvania." *Id.* at 9.

On October 12, 2007, Defendant attempted to get Plaintiff to stipulate that "she was not seeking damages in excess of $75,000," and stated that if Plaintiff did not do so Defendant would remove the action to federal court. Document No. 3 ¶ 5. Plaintiff declined to sign the proffered stipulation. *Id.* at ¶ 6. Defendant, "pursuant to 28 U.S.C. §§ 1441 and 1446," then timely filed a notice of removal on October 16, 2007. Document No. 1 pp.1-2. Defendant read Plaintiff's *ad damnum* clause as a demand for attorney's fees "in excess of $50,000," and from that argued that the amount in controversy was in excess of $75,000, exclusive of interests and costs. *Id.* at 1-2 ¶¶ 3, 9. Defendant also alleged "complete

2

diversity between the parties under 28 U.S.C. § 1332." *Id.* at 2 ¶ 8.

On October 16, 2007, Plaintiff timely moved for remand of the case to state court, pursuant to 28 U.S.C. § 1447(c). Document No. 3. Plaintiff argues that she has not pleaded "an amount in controversy that exceeds $75,000...." Document No. 3 ¶ 12. The Court conducted a status conference on December 5, 2007, to attempt to determine the actual amount in controversy. *See* Transcript of Status Conference (hereinafter Transcript).

During the status conference, Plaintiff's counsel stated that he was not requesting $50,000 in attorney's fees; that in fact he did not expect to get $25,000 in fees; and that Defendant's reading of the complaint was "not even rational." Transcript, pp. 3-6. Defendant's counsel argued that a demand for $50,000 in attorney's fees was a fair reading of the *ad damnum* clause in the complaint. *Id.* at 6-7. Throughout the proceeding, the parties were largely focused on their divergent interpretations of the *ad damnum* clause. However, as explained below, even under Plaintiff's reading of the clause the above-captioned action has properly been removed to this Court.

## II. LEGAL STANDARDS

Civil actions brought in state court which satisfy the diversity requirements of 28 U.S.C. § 1332 may be removed by the defendant to a United States district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a), (b). Diversity jurisdiction obtains when, *inter alia*, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). The amount in controversy "necessarily" includes attorney's fees "if such fees are available to successful plaintiffs under the statutory cause of action." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997). For purposes of the present discussion, a

3

corporation is a citizen of its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). In cases of removal, the analysis begins with an examination of "the complaint filed in the state court." *Id.* at 398. If the complaint categorically states that the total amount sought is less than the jurisdictional threshold, "a defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount." *Frederico v. Home Depot*, — F.3d —, No. 06-2266, 2007 WL 3310553, at *6, 2007 U.S. App. LEXIS 26144, at *18-*19 (3d Cir. Nov. 9, 2007). If, however, the complaint does not "specifically aver[] . . . that the amount in controversy is less than the jurisdictional minimum," there is a two-part inquiry. *Id.* First, any outstanding issues of fact must be resolved by a preponderance of the evidence standard, with the burden on the defendant. *Id.* (citing *Samuel-Bassett*, 357 F.3d at 398). The Court must then look to those facts to see whether "it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Id.* (emphasis in original). If so the court must remand. *Id.*

### III. DISCUSSION

Plaintiff is a citizen of Pennsylvania; for the purposes of this action Defendant is a citizen of Illinois and no other state. *See* 28 U.S.C. 1332(c)(1). Since the parties are citizens of different states, removal is possible if the amount in controversy, excluding interests and costs, exceeds $75,000. 28 U.S.C. §§ 1332(a), 1441(b).

Plaintiff has not pleaded an exact amount of damages and has most emphatically refused to

stipulate that her total recovery cannot exceed $75,000.[1] *See* Transcript, pp. 10-16, 22-25. Therefore, to prevent removal of the action, Defendant must show by a preponderance of the evidence that Plaintiff could recover more than $75,000.

Plaintiff's maximum recovery under the insurance policy itself is $50,000. Document No. 1, p. 6 ¶ 3, p. 4. Attorney's fees are authorized by the statute if Defendant is found to have unreasonably denied payment of benefits to Plaintiff. 75 Pa. C.S.A. § 1798(b). Plaintiff claims unreasonable denial, implicating the statutory provision; therefore the fees must be included in the amount in controversy. *Suber*, 104 F.3d at 585; Document No. 1, p. 9 ¶ 18. Costs and interest are not included, however. 28 U.S.C. § 1332(a). As a practical matter, to survive Plaintiff's motion to remand Defendant must therefore prove by a preponderance of the evidence that Plaintiff could recover more than $25,000 in attorney's fees.

In the instant analysis, "defendant's notice of removal serves the same function as the complaint would if filed in the district court." *Frederico*, 2007 WL 3310553, at *7, 2007 U.S. App. LEXIS 26144, at *20 (citing *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006)). The notice itself focuses on Defendant's interpretation of the complaint's *ad damnum* clause to mean that Plaintiff seeks "attorney's fees in excess of $50,000." Document No. 1, p. 1 ¶ 3. Plaintiff vehemently disputes Defendant's interpretation, arguing that in fact she was merely asserting an amount sufficient to avoid arbitration in the Blair County Court of Common Pleas. *See* Document No. 3-4; Transcript pp. 1-2.

In any event the Court need not decide the matter, since the undisputed terms of the complaint

---

[1] A "truly binding" stipulation of an amount in controversy less that the jurisdictional limit can be sufficient to warrant remand. 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3725, at 85-87 & nn.20, 22 (3d ed. 1998).

5

provide sufficient ground to conclude that attorney's fees of more than $25,000 are possible, and hence to deny Plaintiff's motion for remand. Plaintiff's attorneys are billing her at the "rate of $150 per hour until this action is resolved." Document No. 1 p. 9 ¶ 19. At that rate, 167 billable hours would yield fees of $25,050.00. Without in any way commenting on the merits of Plaintiff's case, it is obviously highly technical, and will almost certainly involve expert testimony, perhaps from multiple experts. The Court is quite familiar with the time it takes to prepare such a case for trial, and finds it more likely than not that Plaintiff's case could generate at least 167 billable hours should it in fact go to trial.

## IV CONCLUSION

The Court finds that it does not appear to a legal certainty that Plaintiff cannot recover the jurisdictional amount, and therefore orders that Plaintiff's motion to remand be dismissed.

6

## ORDER

AND NOW, this 11th day of December, 2007, the Court having considered Plaintiff's Motion to Remand, (Document No. 3), and having conducted, on December 5, 2007, a status conference for the purpose of determining the amount in question in Plaintiff's action, it is **HEREBY ORDERED** that the motion is **DENIED**.

BY THE COURT:

*[signature: Kim R. Gibson]*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE